# Wytheville.

## Monroe & Monroe, Inc., v. W. S. Cowne.

June 15, 1922.

1. WARRANTY—*Action by Purchaser—Evidence—Declaration of Agent of Defendant—Case at Bar.*—In an action by a purchaser of a milking machine for breach of warranty, the court did not err in admitting in evidence proof of the declaration of the agent of the defendant, who collected the purchase money for and installed the machine, made while such agent was engaged in the work of installation, concerning the efficiency of one whom the plaintiff furnished to assist in the work. The efficiency of the assistance furnished by plaintiff was put directly in issue by the provision on that subject contained in the warranty which was in evidence.

2. DECLARATIONS AND ADMISSIONS—*Declaration of Agent Within the Scope of His Employment.*—The declaration of an agent made concerning a matter directly within the scope of his employment and while engaged in the performance of his duties, is admissible in evidence, if upon a matter in issue in the case.

3. WARRANTY—*Action by Purchaser—Evidence—Purchaser of Like Machine—Case at Bar.*—In an action by a purchaser of a milking machine for breach of warranty, the court did not err in permitting another purchaser from defendant, of a milking machine, which he said was "a machine just exactly like the one" the plaintiff purchased, to testify as to its inefficiency after a thorough trial, under circumstances which he narrated and which tended to show that the machine was properly managed and attempted to be used as intended.

4. WARRANTY—*Action by Purchaser—Evidence—Purchaser of Like Machine—Case at Bar.*—In an action by a purchaser of a milking machine for breach of warranty, the court did not err in permitting another purchaser from defendant, of a milking machine, which he said was "a machine just exactly like the one" the plaintiff purchased, to testify as to the injured condition of the udders of certain cows of the plaintiff, which he saw during the time the plaintiff was attempting to use the machine, although the witness did not see the machinery in actual use upon any of those cows. The plaintiff introduced other evidence tending to show that the machine was actually used upon the cows in question. A party does not have to prove his whole case by one witness.

5. WARRANTY—*Action by Purchaser—Evidence—Purchaser of Like Machine—Case at Bar.*—In an action by a purchaser of a milking machine for breach of warranty, the court did not err in permitting another purchaser from defendant, of a milking machine, which he said was "a machine just exactly like the one" the plaintiff purchased, to testify to the fact that the defendant took back the machine which witness bought of it, because it was inefficient, notwithstanding the fact that the machine was bought under a contract different from that under which plaintiff purchased.

6. APPEAL AND ERROR—*Harmless Error—Evidence—Objection by Defendant to Evidence Favorable to Him.*—In an action for breach of warranty, defendant objected to certain statements of one alleged to be an agent of defendant on the ground that no testimony was introduced to identify such person as an agent of the defendant.

   *Held:* That, as the testimony as to what the alleged agent did and said was favorable, and not adverse to the defendant, there was no merit in defendant's objection to the testimony.

7. WARRANTY—*Action for Breach—Evidence.*—In an action by a purchaser of a milking machine for breach of warranty, the court did not err in excluding from the jury the testimony of a witness for defendant, that his experience with the use of a milking machine bought of the defendant was satisfactory, it appearing from the testimony of the witness that the machine he used was different from the machine bought by the plaintiff.

8. WARRANTY—*Action for Breach of Warranty—Hearsay Evidence.*—In an action by a purchaser of a milking machine for breach of warranty, testimony of an officer of defendant of a statement made by an agent of defendant on his return from installing the machine bought by the plaintiff, not made in the presence of the plaintiff, nor communicated to him, was properly excluded as hearsay.

9. WARRANTY—*Exclusion of Opinion Evidence as to What Warranty Meant.*—In an action by a purchaser of a milking machine for breach of warranty, the court did not err in refusing to allow an officer of defendant to answer a question calling for the expression of an opinion of the witness as to what the warranty meant.

10. WARRANTY—*Action for Breach—Evidence to Support Instructions.*—In an action by a purchaser of a milking machine to recover the purchase price and damages for breach of warranty, defendant objected to an instruction on the ground that there was no evidence to support it.

    *Held:* That, since the jury found no verdict for any damages except the amount of the purchase money paid for the machine, there was no occasion to consider whether there was evidence to sustain the instruction with respect to any further damages. And with respect to other matters embraced in the instruction, there was ample evidence to support the verdict in so far as it was based on the instruction.

11. WARRANTY—*Notice by Purchaser to Seller—Place of Notice.*—The general rule is that the contract requirement as to the place, as well as

Syllabus.

the time and manner of the notice to be given seller by purchaser of the failure of a warranted article to work, must be strictly complied with.

12. WARRANTY—*Notice by Purchaser to Seller—Waiver.*—The provision for notice being intended for the benefit of the seller, the necessity for giving it or defects in form or method may be waived by him; and the original contract though in writing may be modified by an oral agreement as regards the requirements of notice.

13. WARRANTY—*Notice by Purchaser to Seller—Waiver.*—Ordinarily any objection on the part of the seller that the notice he received is not in accordance with the requirements of the contract is waived by his acting thereon. Thus persistent efforts on the part of the seller to remedy defects in a machine sold, after the expiration of the time limited for giving such notice of its defective condition, has been held a waiver of the required notice.

14. WARRANTY—*Notice by Purchaser to Seller—Waiver.*—So where it is clearly shown that notice was in fact given the seller, though the method of conveyance did not follow the requirements of the contract, and no objection to the method used was made by the seller, this will, ordinarily, be deemed a sufficient compliance with the requirement.

15. WARRANTY—*Notice by Purchaser to Seller—Waiver.*—Where the seller is a corporation, and can act therefore only through its agents, it cannot divest itself of power to waive a condition for its benefit, and its agents working in its interest will be presumed to have the usual power to waive requirements as to notice.

16. WARRANTY—*Notice by Purchaser to Seller—Waiver—Case at Bar.*—In the instant case the warranty required that notice of failure of the milking machine to work should be given at a certain place, and notice was not given at that place, but it was held that the conduct of the seller, consisting of persistent efforts to remedy defects in the machine sold, was sufficient to constitute a waiver of all notice, so that whether any notice was given at all became immaterial, and that the same was true because of the knowledge of the inefficiency of the machine obtained by the agent of defendant, who installed it.

17. WARRANTY—*Notice of Failure of Article Sold—"At Once"—"Immediately."*—In an action for breach of warranty, the court instructed the jury that the terms "at once" and "immediately," as used in the warranty requiring notice of failure of the article sold to work, meant as soon as under the circumstances an act can be done; in other words, within such reasonable time as should be required under all the circumstances for the particular case.

*Held:* No error.

18. INSTRUCTIONS—*Consequential Amendments.*—Consequential Amendments to instructions necessary to harmonize all of the instructions given are proper.

19. WARRANTY—*Action for Breach—Instructions.*—In an action by the purchaser of a milking machine for the purchase price of the machine and damages, the action of the court in striking from an instruction

a subsection relating to the consequential damages claimed is immaterial, where the verdict of the jury was for the purchase price of the machine and included no such damages.

20.  WARRANTY—*Breach of Warranty—Return of Subject of Sale.*—Where the warranty contains a condition that the article sold shall be deemed to fulfill the warranty unless returned, the general rule is that if the buyer retains the goods he cannot avail himself of the breach of the warranty, even in an action for damages, unless the goods are worthless for any purpose.

21.  WARRANTY—*Breach of Warranty— Return of Subject of Sale—Offer to Return.*—But an offer to return the goods which the seller refuses to accept is equivalent to a return of the goods, and is a sufficient performance of the condition of the warranty on the subject of the return of the goods.

22.  WARRANTY—*Breach of Warranty—Return of Subject of Sale—Offer to Return—Case at Bar.*—In the instant case, an action for breach of warranty, plaintiff wrote defendant a letter in which he took the position that the subject of the sale did not comply with the warranty, and asked what defendant wanted him to do with "your machine." The evidence showed that plaintiff never changed his attitude after this letter and wanted at all times to return the machine and get his money back. Defendant was fully informed of this and its conduct was such as amounted to a refusal to accept the return of the machine.

  *Held:* That plaintiff was excused from making an actual return of the machine.

23.  WARRANTY—*Breach of Warranty—Instructions.*—In an action for breach of warranty, additions by the court to instructions offered by the defendant were objected to. It was held, however, that these additions were proper to make the instructions applicable to the evidence in the case; and the most of them were but consequential amendments needful to be made under the rules of law governing the case, so as to prevent a conflict between these instructions and those given at the request of the plaintiff.

24.  WARRANTY—*Action for Breach of Warranty—New Trial.*—In an action for breach of warranty, it was not error for the trial court to refuse to set aside a verdict for plaintiff as contrary to the evidence, where, upon all material matters of fact in controversy, there was testimony in behalf of the plaintiff to support the verdict which was not physically impossible or inherently incredible.

Error to a judgment of the Circuit Court of Fauquier county in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This action, of trespass on the case in assumpsit, was instituted by W. S. Cowne, the defendant in error (who will hereinafter be called the plaintiff), to recover of the plaintiff in error (who will be hereinafter called the defendant), the $500.00 purchase money paid to the defendant by the plaintiff for certain milking machinery, consisting of two double unit milkers, a pumping outfit, a 2½ H. P. engine and magneto, piping, etc. (hereinafter called the machine), all to be installed by the defendant for the price of $500.00, and for certain alleged damages claimed to have been suffered by the plaintiff by reason of injury to the udders of his cows, because the machinery, with proper management, was not capable of doing good work, all of which was alleged to have been in breach of the express warranty upon which the machinery was bought.

The warranty, so far as material, was as follows:

"These articles are warranted to be   *   *   *   with proper management capable of doing good work, if used as intended. If on starting, any of the above articles should fail to work properly, notice must be given immediately to the *Company at Alexandria, Virginia*, and a reasonable time allowed to get it and remedy the defective part, if any, the purchaser rendering necessary and friendly assistance. When, if it cannot be made to do good work, it will be taken back and all money refunded. Continual possession of the articles, or failure to give notice at once, shall be conclusive evidence that they fulfill the warranty."

The verdict of the jury was as follows: "We, the jury, upon the issue joined, find for the plaintiff and assess him damages at $500.00, being the purchase price of the article bought by the plaintiff."

The defendant moved the court to set aside the

verdict and to grant it a new trial on the grounds that the verdict was contrary to the law and the evidence, for errors in the admission and exclusion of evidence and in granting and refusing instructions. The court overruled the motion and entered judgment in accordance with the verdict.

The instructions given at the request of the plaintiff were as follows:

## "FIRST.

"The court instructs the jury that, if they believe from the evidence that the plaintiff purchased of the defendant the machine in the contract mentioned and agreed to pay as the purchase price therefor the sum of five hundred dollars upon the delivery of the machine, and that at the same time the machine was purchased the contract of purchase with the written warranty thereon was read over to the plaintiff by the defendant's sale agent, and that the said warranty was the inducing cause of the purchase and that the plaintiff relied upon the defendant to carry out and fulfill their said warranty, and that afterwards, pursuant to the provisions of the contract, the machine was sent to the plaintiff at Calverton, Fauquier county, Virginia, c. o. d., and received and paid for by the plaintiff, and that an agent of the company installed said machine in the plaintiff's dairy, and that then, or soon thereafter, applied the machine to the cows and started the machine to work, and that two of the cows were injured by the said machine failing to work properly, and the said agent remained or stayed with the plaintiff endeavoring to remedy the trouble, but was unable to do so, and that the plaintiff rendered the necessary and friendly assistance as called for by the warranty, but that notwithstanding the efforts of

the said agent in this behalf and the assistance rendered by the plaintiff, the machine failed to do the work properly, and the plaintiff thereafter notified the defendant, or the defendant, already knowing the failure of the machine to work properly, sent other agents to the plaintiff's plant, who also endeavored to make the said machine work and come up to the warranty, and that each time there was an effort to make the machine do the work according to the contract the plaintiff rendered the necessary assistance he agreed to render, and that the machine still failed to fulfill the warranty until some time late in the fall of the year 1918, and that said machine could not be made to do good work, when the plaintiff notified the defendant that the machine could not be made to do good work and demanded that it be taken back and his purchase money returned and that the defendant refused to return said purchase money, and that while plaintiff was using said machine on his cows at the suggestion of and relying upon the effort of the defendant and its agents to make the machine come up to the warranty and following instructions of the defendant and its agents in such use, a number of said cows were injured as a result of the use of said machine, then and under the aforesaid conditions the jury should find for the plaintiff for the full amount of the purchase money paid by him, and in addition thereto for such damages as he may have suffered by reason of the injury to said cows; the total, however, not to exceed the sum of two thousand dollars.

"SECOND.

"The court instructs the jury that where in a contract it is provided that notice shall be given the vendor of

any breach of warranty, and that continued possession of the article sold, or failure to give such notice, shall be conclusive evidence that they fulfill the warranty, such provisions of the contract or warranty are for the benefit of the vendor, and may be waived by him, and it is for the jury to say from all the facts and circumstances in the case as shown by the evidence whether there has been such waiver by the defendant. But the jury are further instructed that the acts relied on by the plaintiff as constituting a waiver in this case cannot be deemed a waiver where the jury from the evidence find that such acts were done by the defendant in the performance of their contract.

"THIRD.

"The court further instructs the jury that by the terms 'at once' and 'immediately' as mentioned in the warranty are meant as soon as, under the circumstances, an act can be done; in other words, said terms mean within such reasonable time as shall be required under all the circumstances for the particular case, and as to what is a reasonable time under such circumstances is a question of fact to be determined by the jury.

"FOURTH.

"The court instructs the jury that evidence of the manner in which milking machines of like kind as that sold the plaintiff performed their work is admissible, but they will disregard such evidence as to machines not of like kind."

The court gave all of the instructions asked for by the defendant, with certain amendments, consisting of the additions indicated by the underscoring shown in

the reproduction of them below, with the exception
of subsection eight of the first instruction offered by
the defendant, which is shown below as cancelled,
which was wholly refused.    These instructions were
as follows:

"FIRST.

"The court instructs the jury that the contract in
this case is for the sale of known, defined and described
articles, and there is no warranty, express or implied,
of the fitness thereof for any purpose other than as
expressly stated therein and the printed warranty
annexed to it; that these set out and limit the rights
and liabilities of both parties thereto; and the court
instructs the jury, as a matter of law, that the rights
and liabilities of the parties thereunder are as follows:

"First: That it was the duty of the seller, Monroe &
Monroe, to deliver the articles therein mentioned and
to install the same.

"Second: That the purchaser has a reasonable time
thereafter to use and test the same for the purpose of
ascertaining whether the articles sold were capable of
doing good work when used as intended.

"Third: That the warranty in question was not that
said machines would milk plaintiff's cows without
injury, under any and all circumstances, but only
with proper management it was capable of doing good
work when used as intended.

"Fourth: That it was the duty of the purchaser in
making such test to see that said machine and appli-
ances were properly managed and manipulated.

"Fifth: That if the machine was incapable of doing
good work when so used, the further duty devolved
on the plaintiff to give the seller immediate notice of
the defect and failure to work and to allow him reason-

able time to get to it and remedy such defects, rendering all necessary and friendly assistance in his power.

"Sixth: If the machine could not then be made to do good work, then the sole right of the plaintiff was to return it to the defendant and to have all money previously paid by him refunded.

"Seventh: If the plaintiff thereafter retained possession of said machine or failed to give notice at once, he waived his right to return the same or to demand the repayment of the purchase price *unless such notice was waived by defendant as provided in these instructions.*

"Eighth: The defendant was under no obligation under said warranty even if it was breached, and notice and opportunity to make it work was given and the defendant failed to make it work for any consequential damages that might result to the plaintiff's cows or otherwise—from a failure to work properly even should the jury believe from the evidence that such damage did result.

(This clause was cancelled).

"Ninth: And even to entitle the plaintiff to return said machinery and to recover the purchase price therefore alone, the burden is on the plaintiff to establish by a preponderance of the evidence each of the facts as stated in the next following instructions.

### "Two.

"The court instructs the jury, as a matter of law, that the burden of proof is upon the plaintiff, and it is for him to prove by a preponderance of the evidence:

"First: That the machine mentioned in the contract in evidence in this case did not comply with the warranty attached thereto.

"Second: That immediate notice of such breach was given to the defendant at Alexandria, Va.

"Third: That reasonable opportunity was afforded the defendant by the plaintiff to remedy any defect in said machinery and that friendly assistance was offered and rendered by him to the defendant for that purpose.

"Fourth: That the defendant either made no effort to remedy such defect or attempted to remedy same and failed.

"And Fifth: That the plaintiff thereafter returned *or requested defendant to take back* said machinery to the defendant and demanded repayment of his purchase money.

"Even though the jury may believe from the evidence that said machinery did not comply with said warranty and was incapable of being made to do so, yet if the plaintiff either failed to give notice, at once, to the defendant of such failure, or if the plaintiff continued in the possession of the articles, either of these facts constitute conclusive evidence of the fulfillment of the warranty *unless the jury believe that these requirements were waived by the defendant,* then the jury should find for the defendant.

"Three.

"The jury are instructed that if they believe from the evidence that in the use of the machine it did not work properly or injured plaintiff's cows in its use and that the plaintiff after discovery retained the machine without notice to the defendant of the trouble or continued its use and operation, then the plaintiff cannot recover in this action either the price of the machine or damages to his cows, and they must find for the defendant.

## "FOUR.

"The court instructs the jury that, under the terms of the contract by which this machine was sold to the plaintiff, it was his duty to give the said machine such trial as the contract contemplates, and if it failed to fulfill the warranty, *or could not be made to do good work*, to give such notices, *and offer to return the machinery, as the contract provides*, and if the jury believes from the evidence that he neglected to give such notice or return the machinery in the manner provided by the contract, but continued to keep and use it even to his own detriment, he is not entitled to any damages and they must find for the defendant, *unless the jury believe that such notice was waived by the defendant, or that such continued use was induced by defendant and intended by it as a · waiver of that provision in the warranty made for his benefit.*

## "FIVE.

"The jury are further instructed that notice to a mechanic or other person sent to install machinery for the defendants is not sufficient notice to the defendant, under the warranty in this case, unless the plaintiff shows by a preponderance of the evidence that such notice was in fact communicated to the defendant *or acted upon by it.*

## "SIX.

"The court instructs the jury that if they believe from the evidence that the injury to the said cattle was caused by a contagious disease, and that the said cattle were infected by the carelessness and negligence

of the said plaintiff, and was not the result of the use of the said machine, then they must find for the defendant.

"SEVEN.

"If the jury believe from the evidence that the milking machine sold to the plaintiff *as installed*, by the defendant, was capable of doing good work with proper management, they must find for the defendant.

"EIGHT.

"The court instructs the jury that under the contract and warranty in this case it was the duty of the plaintiff in testing said machine to see that it was managed properly and as intended. The defendant did not warrant that said machine would not injure weak, diseased or infected cows or could not injure healthy cows if improperly managed or applied, and the defendants cannot be held responsible for results from improper management of the machine by the plaintiff or his agents or to sick, delicate, diseased or injured, infected cows."

The other pertinent matters are stated in the opinion of the court.

*Hyden & Robinson, Jno. S. Barbour* and *Jas. R. Caton*, for the plaintiff in error.

*William Horgan* and *Grimsley & Miller*, for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

13

The questions raised by the assignments of error will be disposed of in their order as stated below.

[1, 2] 1. Did the court err in admitting in evidence proof of the declaration of the agent of the defendant, who collected the purchase money for and installed the machine, made while such agent was engaged in the work of installation, concerning the efficiency of one Embrey as an assistant, whom the plaintiff furnished to assist in that work?

The question must be answered in the negative.

The declaration of this agent was made concerning a matter directly within the scope of his employment and while engaged in the performance of his duties, and was, therefore, properly admissible in evidence, if upon a matter in issue in the case. *Lynchburg Tel. Co.* v. *Booker*, 103 Va. 594, 50 S. E. 148; *Blair* v. *Security Bank*, 103 Va. 762, 50 S. E. 262; *Washington, etc., R. Co.* v. *Deahl*, 126 Va. 141, 100 S. E. 840. The efficiency of the assistance was put directly in issue by the provision on that subject contained in the warranty which was in evidence.

[3] 2. Did the court err in permitting another purchaser from the defendant, of a milking machine, which he said was "a machine just exactly like the one" the plaintiff purchased, to testify as to its efficiency after a thorough trial, under circumstances which he narrated and which tended to show that the machine was properly managed and attempted to be used as intended?

The question must be answered in the negative.

It is apparent that this testimony was pertinent to the chief issue in the case. Its weight was for the jury.

[4] 3. Did the court err in permitting the same witness, last named, to testify as to the injured condi-

tion of the udders of certain cows of the plaintiff, which he saw during the time the plaintiff was attempting to use the machine, although the witness did not see the machinery in actual use upon any of those cows?

The question must be answered in the negative.

The plaintiff introduced other testimony tending to show that the machine was actually used upon the cows in question. A party does not have to prove his whole case by one witness.

[5] 4. Did the court err in permitting the same witness, just referred to, to testify to the fact that the defendant took back the milking machine which witness bought of it, as aforesaid, because it was inefficient, upon the witness paying $35.00 on account of the expense of installation?

The ground of objection to the testimony is that that machine was bought under a contract containing different terms from the contract under which the plaintiff purchased. We do not perceive that such a difference affects the question. The testimony was permissible, for what it was worth, as tending to show the inefficiency of the machine bought by the plaintiff, that being a duplicate of the machine which the witness, in substance, testified proved inefficient.

[6] 5. Did the court err in permitting the same witness, when testifying about the trial he gave the machine he bought of the defendant, to testify that he wrote to the defendant about the trouble he was having with the machine because it would not work properly and that a Mr. Lamp came, stating that he was sent by the defendant in response to the letter of witness, and that Mr. Lamp said "it would be all right, he said go ahead   *   *" that, "he milked a few cows himself with it, he put it on some of them" and told witness to go ahead with the machine?

The objection to this testimony is that the plaintiff introduced no testimony to identify Lamp as an agent of the defendant. But we need not stop to consider that question. The testimony as to what Lamp did and said was favorable, not adverse to the defendant. There is no merit in the objection to the testimony.

[7] 6. Did the court err in excluding from the jury the testimony of one Allen, a witness for the defendant, that his experience with the use of a milking machine bought of the defendant was satisfactory upon its appearing from the testimony of this witness that the machine he used was made under a different patent, and had a different "pulsator" from that of the machine bought by the plaintiff, and that witness had never used such a machine as the latter and did not know the difference between the pulsators on the two machines?

There is obviously no merit in the assignment of error raising this question.

[8] 7. Did the court err in excluding from the jury a portion, and in not allowing evidence of the residue of a statement made to an officer of the defendant company by the expert, Fritz, on his return from installing the machine bought by the plaintiff, by way of a verbal report, not made in the presence of the plaintiff, not communicated to the latter by any letter from the defendant, or otherwise, prior to the trial, which statement or verbal report of Fritz was to the following effect, namely: That plaintiff would not stay with Fritz while he was giving instructions and operating the machine and that as soon as Fritz left the barn the plaintiff would discontinue its use and made no effort personally to operate it. That after some effort Fritz persuaded the plaintiff

to try and milk the cows with the machine, and if the first cow showed any inclination for not allowing the machine to be attached on the first trial, the plaintiff would immediately stop and refuse to continue. That plaintiff's man, Embrey, was inclined to operate the machine, and, in Fritz's opinion, would have done so successfully had plaintiff permitted him?

Fritz was not a witness in the case.

This testimony was plainly merely hearsay, not falling within any of the exceptions to the rule against the admissibility of hearsay evidence. Hence the question must be answered in the negative.

[9] 8. Did the court err in refusing to allow one of the officers of the defendant company called as a witness for such company, to answer the following question, namely: "A number of witnesses have testified here as to services rendered by experts in your employ, or in that of the Empire Cream Separator Company, in assisting farmers who purchased your machines in eradicating this disease of mammetis from their herds. Please state whether or not you feel under any obligation to do that, or whether that is a voluntary service?"

The learned judge of the court below ruled that he sustained the objection of the plaintiff to this question, "for the reason that it calls for the expression of opinion from this witness as to what his warranty means." That ruling was correct.

[10] 9. Did the court err in giving instruction 1 asked for by the plaintiff?

This question must be answered in the negative.

The objection to this instruction set forth in the assignments of error concerning it are to the effect that there was no evidence before the jury to support it.

Since the jury found no verdict for any damages except the amount of the purchase money paid for the machine, there is no occasion to consider whether there was any evidence to sustain the instruction with respect to any further damages.

With respect to the other matters embraced in the instruction, we deem it sufficient to say that we have carefully considered the record and we find ample evidence to support the verdict in so far as it was based on the instruction under consideration.

[11] 10. Did the court err in giving instruction 2 asked for by the plaintiff?

The question must be answered in the negative.

The objection to this instruction set up by the assignments of error are that there was no evidence to show that there was any waiver on the part of the defendant of the requirement in the warranty that the plaintiff should give immediate notice to the defendant *at Alexandria, Virginia,* on the starting of the machine, of its failure to work properly, so that the failure of the plaintiff to give any notice *at Alexandria, Virginia,* of the failure of the machine to do the work as guaranteed, was fatal to the plaintiff's right of recovery.

The general rule undoubtedly is that the contract requirement as to the place, as well as the time and manner of giving such notice, must be strictly complied with. But such requirement may be waived by the conduct of the seller.

The evidence for the plaintiff was to the effect that before the agent of the defendant, Fritz, who installed the machine, left the plaintiff's premises, immediately after the starting of it, and after various trials of it, Fritz had notice that the machine failed to work properly, with proper management, and so admitted

at the time. This notice to the defendant's agent, about a matter within the scope of the agent's employment, given while the agent was engaged in the performance of his duties, while not notice at the place required by the contract, was constructive notice to the defendant. The testimony for the plaintiff is further to the effect that he again notified the defendant that the machine wouldn't work and within four days after Fritz gave up the undertaking to make it work and left the place, Mr. Snyder, another agent of the defendant, being the agent who sold plaintiff the machine, came up to the plaintiff's place, where the machine was, in response to the latter notice. That thereafter plaintiff gave the defendant further notices, that the machine wouldn't work, and that another agent was sent by the defendant to try and get it to work properly, without success, and that finally Mr. Monroe, one of the officers of the defendant company, came several times and tried to and did not succeed in getting the machine to operate as guaranteed. It is true that the defendant denied the receipt of the notices mentioned, but the credibility of that denial was for the jury.

[12–14] As said in 24 R. C. L., sec. 525, p. 247 and sec. 526, p. 248: "The provision for notice being intended for the benefit of the seller, the necessity for giving it or defects in form or method may be waived by him; and the original contract, though in writing, may be modified by an oral agreement as regards the requirements of notice. Ordinarily any objection on the part of the seller that the notice he received is not in accordance with the requirements of the contract is waived by his acting thereon. Thus persistent efforts on the part of the seller to remedy defects in a machine sold, after the expiration of the

time limited for giving such notice of its defective condition, has been held a waiver of the required notice. So where it is clearly shown that notice was in fact given the seller, though the method of conveyance did not follow the requirements of the contract, and no objection to the method used was made by the seller, this will, ordinarily, be deemed a sufficient compliance with the requirements.''

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

[15] ''Where the seller is a corporation, and can act therefore only through its agents, it cannot divest itself of power to waive a condition for its benefit, and its agents working in its interest will be presumed to have the usual power to waive requirements as to notice.''

[16] From which we see that conduct of the seller, such as the testimony for the plaintiff tended to show, consisting of persistent efforts to remedy defects in the machine sold, was sufficient to constitute a waiver of all notice, so that whether any notice was given at all became immaterial.

The same is true because of the knowledge of the inefficiency of the machine obtained by the Agent, Fritz, who installed it, according to the testimony for the plaintiff.

As said in *Peterson* v. *Wood, etc., Co.*, 97 Iowa, 148, 66 N. W. 96, 59 Am. St. Rep. 399 (involving a warranty requiring a written notice, which was not given): ''Every purpose of that provision of the contract had been accomplished by the personal presence of the agent, and the knowledge obtained by him of its operation. Under such circumstances, to have required a written notice was to compel the plaintiff to do a useless act, which would convey to the agent the very information he already possessed. There

is no good reason for requiring notice under such circumstances. Nor have we any doubt that an agent authorized to sell such a machine, and to set it up, and to see that it works properly, may waive such a written notice, when, by his personal presence, he is in possession of knowledge of every fact which such notice could give him. It may be said that the contract provides 'no one has any authority to add to, abridge, or change this warranty in any manner.' If full effect should be given to this language, the defendant is powerless to even change or alter its contract, no matter though plaintiff should consent thereto. Such a provision in the contract, if held binding, is a prohibition for all time, and under all circumstances, against any change in the contract. It is inconceivable that the defendant ever intended to tie its hands in such a manner. A corporation can only act through its agents and such agents must always have power to represent and act for it."

See, to same effect, 30 Am. & Eng. Enc. of Law, (2nd ed.) p. 202.

11. Was instruction 3 given at the request of the plaintiff erroneous?

The question must be answered in the negative.

[17] The objection to this instruction is that it ignored the contract requirement as to the time within which the notice was to be given; and a number of authorities are cited to sustain the position of the defendant to the effect that "immediately" does not mean "within a reasonable time," but "at once," "instantly," "promptly," and the authorities cited do so hold, under varying circumstances. On the other hand, authorities are cited for the plaintiff to the effect that in such a contract as that under consideration a provision for immediate notice does not mean the

shortest time possible in which notice can be given; but that the term must receive a sensible interpretation favorable to the general object and consistent with the surrounding circumstances, and that no greater dispatch is required than is fairly just and reasonable in view of all the circumstances. Upon a subject so elementary, we do not feel that we should consume the time required to set forth here, in detail, the circumstances involved and the respective holdings in the authorities cited pro and con, and to distinguish them. We deem it sufficient so say that they are readily distinguishable, and that the instruction under consideration above is abundantly sustained by the authorities. 5 C. J. 1439, title "at once" note 91; 24 R. C. L. sec. 523, p. 246; 21 Cyc. 1734, title "immediately."

12. Was instruction 4, given as asked by the plaintiff, erroneous?

The question must be answered in the negative.

This instruction was so obviously correct that comment is unnecessary.

[18] 13. Did the court err in adding to the 7th subsection of the first instruction offered by the defendant, the following: "unless such notice was waived by defendant as provided in these instructions," and in adding, near the conclusion of the second instruction offered by the defendant, this language: "unless the jury believe that these requirements were waived by the defendant?"

The question must be answered in the negative.

These were but consequential amendments necessary to harmonize all of the instructions given. The principle involved has been above discussed.

[19] 14. Did the court err in striking out the 8th subsection of the first instruction offered by the defendant?

The question must be answered in the negative.

This subsection concerned only the consequential damages mentioned. As the verdict included no such damages it is unnecessary to say anything further on the subject of whether the court erred in striking out this subsection, and the question must be answered in the negative.

15. Did the court err in adding to subsection 5 of instruction two, offered by the defendant, the following: "or requested the defendant to take back?"

The objection to this amendment is that there was no evidence to support it and that the actual return of the machine was a condition precedent to the plaintiff's right of recovery.

[20, 21] It is true that where, as in the instant case, the warranty contains, in substance, a condition that the article shall be deemed to fulfill the warranty unless returned, the general rule is that if the buyer retains the goods he cannot avail himself of the breach of the warranty, even in an action for damages, unless the goods are worthless for any purpose. 35 Cyc. 436, 438. But it is elementary that an offer to return goods which the seller refuses to accept, is equivalent to a return of the goods, and is a sufficient performance of the conditon of the warranty on the subject of the return of the goods.

[22] The correspondence in evidence and the testimony of and for the plaintiff shows that the plaintiff, very soon after the machine was installed, wrote the defendant a letter in which he took the position that the machine did not comply with the warranty, because of inefficiency to do the work as guaranteed, and said "I would like to know at once what you want me to do with your machine," and the conduct of the parties thereafter; and such evidence, while not with-

out conflict, tended to show, and warranted the jury in concluding that the plaintiff never at any time, after his first letter aforesaid, changed his attitude, never accepted the machine as satisfactory, wanted all the time to return it and get his money back; that the defendant was fully informed of this and that the conduct of the defendant was such that it amounted to a refusal to accept and excused the failure of the plaintiff to make an actual return of the machine.

Hence, the question must be answered in the negative.

[23] 16. Did the court err in adding to instructions four, five and seven offered by the defendant, the portions thereof which are underscored in the reproduction of them appearing above, preceding this opinion?

This question must be answered in the negative.

These additions were proper to make the instructions applicable to the evidence in the case; and the most of them were but consequential amendments needful to be made under the rules of law above adverted to, and so as to prevent a conflict between these instructions and those given at the request of the plaintiff. For the reasons above stated, we find nothing in any of these amendments in conflict with the requirements of the warranty or which appears to be of a character likely to have misled the jury on that subject; nor do we think that the insertion of the words "as installed," in the seventh instruction under consideration, was calculated to mislead the jury. The positions with respect to these matters, taken in argument for the defendant, seem to us to be without substantial merit.

The sole remaining question presented for our decision by the assignments of error is the following:

[24] 17. Did the court err in its refusal to set aside the verdict, as contrary to the law and the evidence?

This question must likewise be answered in the negative.

The legal questions involved have been disposed of above; and also the chief questions of fact. The other questions of fact are not novel, hence, it would be a needless consumption of time to set forth the conflicting evidence in detail. We deem it sufficient to say, that, upon all material matters of fact in controversy, there was testimony in behalf of the plaintiff which, if credible, was sufficient to support the verdict. There was nothing in this testimony which was physically impossible or inherently incredible. Therefore the verdict has concluded the facts in controversy in favor of the plaintiff and we cannot disturb that conclusion.

The case will be affirmed.

*Affirmed.*