## CIRCUIT COURT OF ROANOKE COUNTY

Beck

v.

Vaughn et al.

July 17, 2000

Case No. CL98-468

BY JUDGE J. HOWE BROWN, JR.

Before the court for decision is the question of whether a homeowner must give notice to a builder of a breach of the statutory implied warranty under Va. Code § 55-70.01 as a condition to bringing an action for breach against the builder. I find no such requirement in the statute and decline to impose one.

Absent a statute, in Virginia, there is no implied warranty of workmanship or structural integrity in the sale of a new dwelling. In fact, Va. Code § 55-70.1 was enacted to provide such a warranty that the Supreme Court had declined to imply in *Bruce Farms v. Coupe*, 219 Va. 287, 247 S.E.2d 400 (1978). In accordance with rules of statutory construction, the Court looks to the plain meaning of the language of the statute. The statute does not require notice to the builder or vendor. In other statutes, the legislature has required notice. See, e.g., Va. Code § 8.2-607(3). In other cases, the express warranty requires notice by the buyer. See, e.g., *Bender-Miller Co. v. Thomwood Farms, Inc.*, 211 Va. 585, 179 S.E. 2d 636 (1971); *Monroe v. Cowns*, 133 Va. 181, 112 S.E. 848 (1922). If notice of breach by the buyer is required in every case, there would be no reason for the legislature or the contractor to specify a notice provision in certain cases.

Defendant here relies on language in *Davis v. Tazewell Place Associates*, 254 Va. 257, 492 S.E.2d 162 (1997). That case did not raise a question whether notice had to be given; in fact, there was notice under those facts. The court was dealing there with a question of when the two-year statute of

limitations began to run. That is a separate issue. Defendant's reliance on cases from other jurisdictions is not well taken because here we are dealing with particular language in a Virginia statute.